UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. LEAH ANTONIEWICZ, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2083 |
| | § | |
| THE UNIVERSITY OF TEXAS HEALTH AND SCIENCE CENTER AT HOUSTON, *et al.*, | § § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court are two motions by Defendants: 1) a partial motion to dismiss, partial motion for summary judgment and motion for more definite statement (Dkt. 9), and 2) an amended motion to dismiss, motion for more definite statement, and motion to require a *Schultea* reply (Dkt. 10), which defendants docketed as an amendment to Dkt. 9. At the outset, the court denies Dkt. 9 as moot. *See In re B.O.G.*, 48 S.W.3d 312, 316 (Tex. App.—Waco 2001, pet. denied) ("Amended motions substitute for and relate back in time to the motions they amend, if the amended motion does not pertain to a wholly new, distinct, or different matter.").

As to Dkt. 10, the defendants have split the motion in to four parts: 1) a motion to dismiss on the basis that plaintiffs did not timely file their charges of discrimination with the EEOC; 2) a motion to dismiss the Section 1983 claims against defendants Faro and Blackwell in their official capacity; 3) a motion to require plaintiffs to plead the Section 1983 claims against defendants Faro and Blackwell in their individual capacity with more specificity; and 4) a motion to require plaintiffs to file a *Shultea* reply to defendants Faro and Blackwell's assertion of qualified immunity.

The court is converting the first part of the motion, the motion to dismiss on the basis that plaintiffs did not timely file their charges of discrimination with the EEOC, into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(d). When a motion to dismiss is converted to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Accordingly, defendants shall file any supplemental briefing and evidence supporting their arguments within 10 days of the date of this order. Plaintiffs shall file responsive briefing and attach any evidence indicating that there is an issue of material fact with regard to this particular claim within twenty days of the date of this order. The court is particularly interested in evidence indicating when charges of discrimination were filed with the EEOC, and the timing of the alleged discriminatory actions by defendants.

Signed at Houston, Texas on April 9, 2015.

_____
Gray H. Miller
United States District Judge