UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Dr. Leah Antoniewicz and Dr. Michele Curtis, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action H-14-2083 |
| The University of Texas Health and Science Center at Houston, *et al.* | § § § § | |
| Defendants. | § § | |

**Memorandum Opinion and Order**

Pending before the court is (1) a motion for summary judgment filed by defendants Dr. Sebastian Faro, in his individual capacity, and Dr. Sean Blackwell, in his individual capacity (collectively, "Defendants")[1] (Dkt. 41); and (2) a motion to file an answer filed by Defendants (Dkt. 42). Defendants filed their motion for summary judgment on April 29, 2016, and plaintiffs Dr. Leah Antoniewicz and Dr. Michelle Curtis (collectively, "Plaintiffs") have not responded to the motion. Similarly, Plaintiffs did not file a response to Defendants' motion to file an answer.[2] After considering the motions and applicable law, the court is of the opinion that both motions should be GRANTED.

**I. Background**

This case is about alleged retaliation against Plaintiffs for exercising their First Amendment free speech rights. Dkt. 1. Plaintiffs were both originally employed by the University of Texas

---

[1] The claims against the third defendant, The University of Texas Health and Science Center at Houston, were dismissed in June 2015. *See* Dkts. 22, 23.

[2] The court ordered Plaintiffs to file a response by 5:00 p.m. on June 16, 2016 (Dkt. 45), and Plaintiffs failed to do so.

Health and Science Center at Houston ("UTHSCH") as assistant professors of Obstetrics and Gynecology ("OB/GYN"). *Id.* Antoniewicz completed her residency at UTHSCH. *Id.* Curtis became an associate professor and eventually a full professor at UTHSCH. *Id.* Defendant Faro was Antoniewicz's and Curtis's supervisor. *Id.* Defendant Blackwell was an assistant professor at UTHSCH and was also appointed as the interim chairman and later the chairman of the OB/GYN Department. *Id.* Thus, he also supervised Plaintiffs. *Id.* Plaintiffs contend that both Faro and Blackwell engaged in a pattern of discriminatory conduct against all the female physicians at UTHSCH, including Plaintiffs. *Id.* Plaintiffs assert that Faro was disrespectful to female physicians, excluded female physicians from meetings, moved female physicians out of their offices in favor of male physicians, and otherwise marginalized the roles of female physicians at UTHSCH. *Id.* Plaintiffs additionally contend that Faro limited the amount of surgical time in the operating room for female physicians, which adversely impacted their ability to hone their surgical skills and ultimately had a negative impact on their compensation. *Id.* Plaintiffs allege that Blackwell knew and approved of Faro's allegedly discriminatory behavior. *Id.*

Curtis advised management at UTHSCH about these issues, and when she received no response, she engaged legal counsel. *Id.* She entered into a settlement regarding her complaint, specifically, of unequal pay based on discrimination. *Id.* The next month Antoniewicz advised Faro that she believed the opportunities in the OB/GYN Department were not equal for men and women. *Id.* Faro allegedly denied that he treated males more favorably than females and then engaged in inappropriate conduct towards Antoniewicz. *Id.* Antoniewicz met with Blackwell to discuss her complaints; she claims he did not remedy the problem. *Id.* Later that month Plaintiffs filed a

complaint with the Office of Human Resources – Equal Opportunity at UTHSCH. *Id.* UTHSCH advised Plaintiffs several months later that it found Defendants' actions were not discriminatory. *Id.*

Plaintiffs assert that approximately one month later they were both informed that UTHSCH would not renew their contracts. *Id.* They claim that they were replaced with male physicians and that this decision was based on prior complaints of unequal opportunities, pay inequities, and mistreatment based upon their gender. *Id.* They claim that Defendants' actions were taken under the color of the laws and regulations of the State of Texas and that Defendants thus violated Plaintiffs' rights under the First and Fourteenth Amendments in violation of 42 U.S.C. § 1983. *Id.* They assert that their speech was a motivating factor in Defendants' termination of their employment. *Id.*

Defendants request summary judgment on this claim, asserting that Plaintiffs can present no evidence that they were subjected to retaliation for engaging in First Amendment protected speech and cannot overcome Defendants' qualified immunity. Dkt. 41. Defendants additionally move to file their answer, as their original answer was due after their motion to dismiss was partially denied, but they failed to file the answer at that time. Dkt. 42.

## II. MOTION TO FILE AN ANSWER

Defendants moved to file an answer on June 2, 2016. Dkt. 42. The court ordered Plaintiffs to file a response to the motion by 5:00 p.m. on June 16, 2016. Dkt. 45. Plaintiffs failed to file a response. Under Southern District of Texas Local Rule 7.4, the motion is therefore considered unopposed. S.D. Tex. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). The court therefore GRANTS Defendants' motion to file an answer (Dkt. 42), and the answer is considered filed as of the date of this memorandum, opinion, and order.

### III. MOTION FOR SUMMARY JUDGMENT

A.   **Legal Standard**

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

B.   **Analysis**

In order to prove a First Amendment retaliation claim, Plaintiffs must show that (1) they suffered an "adverse employment decision"; (2) their speech involved a "matter of public concern"; (3) their "interest in communicating on matter of public concern" outweighed Defendants' interest in promoting efficiency; and (4) their speech motivated the adverse employment decision. *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 601 (5th Cir. 2001).

Defendants argue that Plaintiffs cannot show that they participated in protected speech because the speech was part of their official job duties and did not involve matters of public concern. Defendants additionally contend that Plaintiffs cannot demonstrate that their complaints substantially motivated the decision not to renew their faculty appointments. Dkt. 41. Plaintiffs bear the burden

of demonstrating there is an issue of material fact with regard to these issues, yet they have come forward with no evidence.

Moreover, Defendants have come forward with evidence that the decision not to renew Plaintiffs' faculty appointments was justified. *See Rankin v. McPherson*, 483 U.S. 378, 388, 107 S. Ct. 2891 (1987) ("The State bears the burden of justifying the discharge on legitimate grounds."). Blackwell provided an affidavit stating that his "decision not the reappoint [Plaintiffs] was part of a long term effort to build the Department to best utilize faculty resources." Dkt. 41, Ex. 2. Plaintiffs have not provided any evidence to the contrary.

Defendants also assert that they are, as government officials, entitled to qualified immunity. Dkt. 41 (motion); Dkt 42-2 (answer). "The doctrine of qualified immunity immunizes government officials acting within their discretionary authority from civil damages if their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Modica v. Taylor*, 465 F.3d 174, 179 (5th Cir. 2006). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Id.* (quoting *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005)). Here, Defendants have invoked qualified immunity, and Plaintiffs have come forward with no evidence to satisfy their burden of showing that the defense is inapplicable. Because Plaintiffs have not satisfied their summary judgment burden, Defendants' motion for summary judgment is GRANTED.

## IV. Conclusion

Defendants' motion to file an answer (Dkt. 42) and motion for summary judgment (Dkt. 41) are GRANTED. Defendants' answer (Dkt. 42-2) is deemed filed on this date. Plaintiffs remaining claims are DISMISSED WITH PREJUDICE. A final judgment will issue concurrently with this order.

It is so ORDERED.

Signed at Houston, Texas on June 22, 2015.

_____
Gray H. Miller
United States District Judge